972 F.2d 355
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Delbert BAD YELLOW HAIR, Appellant.
 No. 91-3704.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 15, 1992.
Filed: August 5, 1992.
 
 Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant appeals from his conviction on one count of kidnapping, in violation of 18 U.S.C. §§ 1153 and 1201(a)(2), and one count of aggravated sexual abuse of a child, in violation of 18 U.S.C. §§ 1153 and 2241(c). On appeal, Bad Yellow Hair claims that the District Court[1] erred in refusing to allow him to present evidence of a second sexual assault upon the victim, and that there was insufficient evidence to sustain his conviction. We affirm.
 
 
 2
 Bad Yellow Hair's defense was that a third party committed the alleged acts. To support this claim, Bad Yellow Hair sought to introduce evidence of a second sexual assault on the victim in May of 1990, while he was incarcerated for the first assault. Bad Yellow Hair's apparent motive in introducing this evidence was to implicate the child's father in both assaults.
 
 
 3
 Under Rule 403, the trial judge is permitted to exclude relevant evidence if its probative value is exceeded by the danger of unfair prejudice or the possibility that it would confuse or mislead the jury. The decision whether to admit such evidence is left to the sound discretion of the trial judge, and it will not be overturned absent a clear abuse of discretion. United States v. Boykin, 679 F.2d 1240, 1244 (8th Cir. 1982).
 
 
 4
 The District Court ruled that the admission of the evidence of the second, uncharged, assault would confuse the jury on the issues which were the focus of the trial and would create a mini-trial over the facts surrounding the May assault. In light of this, the Court excluded the evidence, which was at most "marginal[ly] relevant," under Rule 403. Transcript 97. Bad Yellow Hair was still permitted to raise arguments concerning third-party involvement, and in fact he did so. Additionally, the District Court did not prevent him from arguing that the child's father had exclusive custody over her for a substantial portion of the time during which the February assault occurred. The Court's refusal to admit the evidence of the second assault was not a clear abuse of discretion.
 
 
 5
 Bad Yellow Hair's second claim requires little discussion. In reviewing the District Court's denial of his motion for a judgment of acquittal, we must view the evidence in a light most favorable to the government, and the government must be given the benefit of all reasonable inferences that logically may be drawn from it. United States v. Williams, 897 F.2d 1430, 1432 (8th Cir. 1990). If there is substantial evidence to support the verdict, the verdict must be upheld. Glasser v. United States, 315 U.S. 60 (1942). In the present case, there was sufficient circumstantial and scientific evidence to support the jury's finding of guilt.
 
 
 6
 The judgment of the District Court is affirmed. See 8th Cir. Rule 47B.
 
 
 
 [1]
 The Hon. Richard H. Battey, United States District Judge for the District of South Dakota